**Victoriano GARCIA–LOPEZ, Petitioner—Appellant,**

**v.**

**Craig FARWELL, et al., Respondent— Appellee.**

**No. 04–16262.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2005.*

Decided Feb. 23, 2005.

Paul G. Turner, Esq., Danice P. Johnson, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Robert E. Wieland, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: ALARCÓN, SILVERMAN, and BEA, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Victoriano Garcia–Lopez appeals the district court's denial of his petition for a writ of habeas corpus. Garcia–Lopez argues that the district court erred in its determination that his Sixth Amendment right to the effective assistance of counsel was not violated when the state court conducted his sentencing hearing without inquiring into whether counsel was subject to a conflict of interest. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review de novo a district court's denial of a petition for habeas corpus brought by a state prisoner. *Jackson v. Giurbino*, 364 F.3d 1002, 1005 (9th Cir. 2004). In order to grant Garcia–Lopez's habeas petition, we must find that the state court proceedings were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that the state court's conclusions were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Because the parties are familiar with the facts, we recite them only as necessary for this decision. Garcia–Lopez argues that his counsel had a conflict of interest at the sentencing hearing because they were simultaneously forced to defend their work on the case from Garcia–Lopez's accusations while defending Garcia–Lopez from the state's efforts to obtain the maximum available sentence.

The Supreme Court has held that an aspect of the constitutional right to counsel is a right to representation that is free from conflicts of interest that adversely affect counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708,

64 L.Ed.2d 333 (1980); *see also Holloway v. Arkansas*, 435 U.S. 475, 481, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). The Nevada Supreme Court found that a conflict was not created by Garcia–Lopez's accusations, and that counsel's performance was not adversely affected. Given the outlandish nature of Garcia–Lopez's accusations, this determination is not unreasonable. Because the Nevada Supreme Court's reasoning closely tracked the analysis set out in the relevant Supreme Court precedent of *Cuyler, Holloway,* and *Mickens v. Taylor*, 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002), its decision was neither an unreasonable application of, nor contrary to, clearly established Federal law. 28 U.S.C. § 2254(d).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.